NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCIS PAMELA ROMERO CALDERON; A.E.D.R.; V.S.D.R., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1578 <br><br> Agency Nos. <br> A206-434-907 <br> A206-434-908 <br> A206-434-909 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2025<sup>**</sup>
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and SIMON, District Judge.<sup>***</sup>

Petitioners Francis Romero Calderon (Romero Calderon) and two of her

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

minor children, A.E.D.R. and V.S.D.R., are natives and citizens of Honduras.[1] Petitioners seek review of the Board of Immigration Appeals' (BIA) decision affirming the denial by an Immigration Judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

"We review the agency's legal conclusions de novo and its factual findings for substantial evidence." *J.R. v. Barr*, 975 F.3d 778, 781 (9th Cir. 2020). Under the substantial evidence standard, we uphold the agency's determination unless "compelled to conclude to the contrary." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Ali v. Holder*, 637 F.3d 1025, 1029 (9th Cir. 2011)).

1. Substantial evidence supports the BIA's determination that Romero Calderon failed to establish a nexus between her past or feared harm and a protected ground. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). To meet her burden of proof for asylum, Romero Calderon "must establish that race, religion, nationality,

---

[1] Romero Calderon is the lead petitioner and two of her minor children are derivative applicants for asylum purposes.

membership in a particular social group, or political opinion was or will be at least one central reason" for her persecution. 8 U.S.C. § 1158(b)(1)(B)(i). "For withholding of removal, an applicant must show only that a protected ground is a reason for future persecution." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) (internal quotation marks and citations omitted).

Romero Calderon testified that the Mara Salvatrucha gang threatened her because her former partner owed them money. The gang told her that she had to "find a way to pay them," threatened her and her children if she did not repay, and broke down the door of her home to search for money. Because the gang sought money from Romero Calderon, and because a noncitizen's "desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground," the BIA did not err when it concluded that Romero Calderon failed to establish eligibility for asylum and withholding of removal. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Rodriguez-Zuniga*, 69 F.4th at 1018 ("[W]here, as here, the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding.").

2. Substantial evidence also supports the BIA's conclusion that Romero Calderon is not entitled to CAT relief. "To receive deferral of removal under the CAT, an applicant must establish that 'it is more likely than not that he or she

would be tortured if removed.'" *Hernandez v. Garland*, 52 F.4th 757, 768–69 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)). "The applicant must also prove that the torture would be 'inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity.'" *Umana-Escobar*, 69 F.4th at 553 (quoting 8 C.F.R. § 1208.18(a)(1)). Romero Calderon testified that when she reported the gang's violence to the police, they took reports and looked for evidence at her home. The BIA reasonably concluded that she failed to demonstrate that she would be tortured by or with the acquiescence of a public official in Honduras.

**PETITION DENIED.** [2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.